# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARIBBEAN RETAILERS INC., a Puerto Rico Corporation d/b/a/ SUNNY PLANET EYEWEAR; MANOLO CHAVES TORRES, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff **Luxottica Group S.p.A.** for its claims against **Defendants Caribbean Retailers Inc. dba Sunny Planet Eyewear** and **Manolo Chaves Torres** respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendants for trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of Puerto Rico.  This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3.     This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or are domiciled in this judicial district.

4.      This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.      Plaintiff Luxottica Group, S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business in Milan, Italy and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114.  Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium, luxury and sports eyewear products under federally registered trademarks, including but not limited to Ray-Ban marks, and other trademarks (the "Luxottica Marks").

6.      Upon information and belief, Defendant Caribbean Retailers Inc. is a Puerto Rico Corporation doing business as Sunny Planet Eyewear, with its headquarters at 1468 Calle Africa, San Juan, Puerto Rico.

7.      Upon information and belief, Defendant Manolo Chaves Torres is an individual domiciled in this judicial district and is an owner, officer, director, and/or managing agent of Caribbean Retailers Inc.

8.      Luxottica is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Luxottica will seek leave to amend this complaint when their true names and capacities are ascertained. Luxottica is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.      Luxottica is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and

behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Luxottica further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A.   The World Famous Luxottica Brands and Products**

10.     Luxottica is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

11.     Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

12.     Luxottica's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including Puerto Rico, and reaches customers nationally and internationally online at www.ray-ban.com.

13.     Luxottica is the owner of various Ray-Ban trademarks (collectively, the "Ray-Ban Marks"), including but not limited to the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
|  | 1,093,658 | ophthalmic products and accessories — namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and |

3

| | | cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
|---|---|---|
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18. cloths for cleaning ophthalmic products, in class 21. clothing and headgear; namely, hats, in class 25. |
| **RAY-BAN** | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18. clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

14.    Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks. As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by

consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

15.     Luxottica has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks. These registrations are valid and the majority are incontestable.

16.     The Ray-Ban Marks have never been abandoned and are a symbol of the quality, reputation, and goodwill of the RAY-BAN® brand.

17.     Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.     Defendants' Infringing Activities**

18.     Upon information and belief, Luxottica hereon avers that Defendants have used the Ray-Ban Mark in connection with the sale, promotion and advertising of both generic and knock-off eyewear that is nearly identical in appearance to authentic Ray-Ban eyewear.

19.     In or around October 2014, Luxottica discovered that Defendants were operating kiosks in numerous locations in Puerto Rico selling eyewear almost identical in appearance to authentic eyewear sold by various well known brands. These kiosks prominently depicted in **bold** and large font the names of such brands as Ray-Ban, Prada, Carrera, etc. with the generic and look-alike eyewear displayed directly above each respective mark.

20.     Defendants' use of Plaintiff's Ray-Ban Mark is likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, affiliation, or endorsement of Defendants' knock-off sunglasses and Plaintiff's authentic goods.

21.     The infringing use of Plaintiff's Ray-Ban Mark is likely to at least initially confuse consumers into approaching Defendants' kiosks and purchasing Defendants'

knock-off sunglasses, thereby misappropriating Plaintiff's goodwill and profiting off of Plaintiff's Ray-Ban Mark.

22.     Luxottica has not authorized Defendants' use of the Ray-Ban Mark in any form or variation.  Luxottica has not approved, authorized, sponsored, or endorsed any of Defendants' products.

23.     Defendants' knock-off sunglasses are targeted to substantially the same consumer base as Luxottica's authentic sunglasses.

24.     Customers familiar with the Ray-Ban Mark and looking for Ray-Ban sunglasses would likely believe, incorrectly, that the kiosks relate to or will direct customers to Luxottica's authentic Ray-Ban sunglasses and a means to purchase the same.

25.     Defendants' offering of products in connection with the Ray-Ban Mark improperly trades off the goodwill Luxottica has established in the Ray-Ban Mark in order to improperly attract consumers to Defendants' knock-off sunglasses.

26.     Once a consumer approaches one of Defendants' kiosks depicting Luxottica's Ray-Ban Mark, even if the consumer recognizes that the knock-off sunglasses  offered are not Luxottica's authentic Ray-Ban sunglasses or that the kiosk is not affiliated with Luxottica, the consumer may still purchase knock-off Ray-Ban sunglasses from Defendants.  In this manner, the infringing use of the Ray-Ban Mark on Defendants' kiosks harm the goodwill in the Ray-Ban Mark by weakening the association of the Ray-Ban Mark with Luxottica's authentic products, and such consumers are likely to instead purchase Defendants' knock-off sunglasses.

27.     Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Luxottica's ownership of the Ray-Ban Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

28.     Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Luxottica's rights for the purpose of trading off the goodwill and reputation of Luxottica.  If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Luxottica and the consuming public will continue to be damaged.

29.     Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Luxottica's genuine goods and Defendants' Infringing Products.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

30.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.     The Ray-Ban Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Luxottica.

32.     The registrations embodying the Ray-Ban Marks are in full force and effect and Luxottica has authorized responsible manufacturers and vendors to sell merchandise with these marks.

33.     Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendants' goods or services and falsely mislead consumers into believing that Defendants' products originate from Luxottica; are affiliated or connected with Luxottica; or are licensed, sponsored, authorized, approved

by, or sanctioned by Luxottica; or that Luxottica controls the quality of Defendants' products.

34.     Defendants' unlawful and improper actions, as set forth above, are likely to at least initially confuse consumers into approaching Defendants' kiosks thereby directing the consumers to Defendants' knock-off Ray-Ban sunglasses and allowing Defendants' to misappropriate Luxottica's goodwill.

35.     Defendants' infringing use of the Ray-Ban Marks is without Luxottica's permission or authority and in total disregard of Luxottica's rights to control its trademarks.

36.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Luxottica has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Luxottica.

37.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Luxottica and reap the benefit of Luxottica's goodwill associated with the Ray-Ban Marks.

38.     As a direct and proximate result of Defendants' willful and unlawful conduct, Luxottica has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Luxottica's trademarks.

39.     Luxottica has no adequate remedy at law.

40.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Luxottica has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in

an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. §
1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or
statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))

41.      Luxottica incorporates herein by reference the averments of the preceding
paragraphs as though fully set forth herein.

42.      Defendants' unlawful and improper actions, as set forth above, are likely to
cause confusion, mistake, or deception, or to deceive consumers as to the source, origin,
affiliation, association, or sponsorship of Luxottica's goods and services or Defendants'
goods and services and falsely mislead consumers into believing that Defendants' knock-
off sunglasses originate from Luxottica; are affiliated or connected with Luxottica; or are
licensed, sponsored, authorized, approved by, or sanctioned by Luxottica; or that
Luxottica controls the quality of Defendants' products.

43.      Defendants' use of the Ray-Ban Marks is without Luxottica's permission or
authority and in total disregard of Luxottica's rights.

44.      Luxottica has been irreparably damaged by Defendants' unfair competition
and misuse of the Ray-Ban Marks.

45.      Luxottica has no adequate remedy at law.

46.      Defendants' egregious conduct in selling infringing merchandise is willful
and intentional.

47.      In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting
Defendants from using the Ray-Ban Marks, or any trademarks identical and/or
confusingly similar thereto, and to recover all damages, including attorneys' fees, that
Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by
Defendants as a result of their infringing acts alleged above in an amount not yet known,
and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

48.     Luxottica incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.     Luxottica is the exclusive owner of the Ray-Ban Marks.

50.     The Ray-Ban Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

51.     The Ray-Ban Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Luxottica's marketing, advertising, and the popularity of its products.

52.     The Ray-Ban Marks were famous long before Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations of the Ray-Ban Marks on infringing merchandise.

53.     Defendants have used the Ray-Ban Mark in commerce and in connection with the sale of their products.

54.     Consumers are likely to purchase Defendants' infringing products in the erroneous belief that Defendants' are affiliated, connected or associated with Luxottica or that Luxottica is the source of the infringing products.

55.     Defendants' acts described above have diluted and continue to dilute Luxottica's unique and distinctive trademarks.  Defendants' unlawful use of the Ray-Ban Marks in connection with inferior, infringing goods is also likely to tarnish the Ray-Ban Marks and cause blurring in the minds of consumers between Luxottica and Defendants, thereby lessening the value of the Ray-Ban Marks as unique identifiers of Luxottica's products.

56.     These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Luxottica, causing damage to Luxottica in an amount to

be determined at trial, as well as irreparable injury to Luxottica's goodwill and reputation associated with the value of the Ray-Ban Marks.

57.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Luxottica's reputation and to dilute the Ray-Ban Marks. Defendants' conduct is willful, wanton and egregious.

58.     Defendants' acts have caused and will continue to cause irreparable injury to Luxottica. Luxottica has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

59.     In light of the foregoing, Luxottica is entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Luxottica has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants on all claims, as follows:

1.     For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     using the Ray-Ban Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or sale of Defendants' products, including but not limited to the display of said trademarks at Defendants' stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Plaintiff;

(b)     engaging in any other activity constituting unfair competition with Luxottica, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements associated with Luxottica;

        (c)     engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks;

        (d)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Luxottica;

2.     For entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Luxottica for destruction, or other disposition, all advertising or products that infringe upon Luxottica's rights to the Ray-Ban Marks;

3.     For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

4.     For entry of an ORDER directing Defendants to file with this Court and serve on Luxottica within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.     For an assessment of the damages suffered by Luxottica, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, that Luxottica be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

6.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

7.      Such other relief as may be just and proper.

Dated:      May 1 , 2015      BLAKELY LAW GROUP


                                        By:      _____
                                                 *Seeking Admission Pro Hac Vice*
                                                 Brent H. Blakely
                                                 California Bar No.: _____
                                                 1334 Parkview Avenue, Suite 280
                                                 Manhattan Beach, California 90266
                                                 Telephone: (310) 546-7400
                                                 Facsimile (310) 546-7401
                                                 bblakely@blakelylawgroup.com

                                                 *Attorneys for Plaintiff*
                                                 *Luxottica Group, S.p.A*


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Luxottica

Group, S.p.A hereby demands a trial by jury of all claims in this litigation.

Dated:      May 1 , 2015      _____
                                        Marta L. Rivera Ruiz
                                        USDC-PR 221201
                                        Cancio, Nadal, Rivera & Díaz, PSC
                                        P.O. Box 364966
                                        San Juan, Puerto Rico 00936-4966
                                        Telephone: (787) 767-9625
                                        Facsimile:  (787) 622-2238
                                        mrivera@cnrd.com
                                        Attorney for Plaintiff

                                        BLAKELY LAW GROUP


                                        By:      _____
                                                 *Seeking Admission Pro Hac Vice*
                                                 Brent H. Blakely

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

California Bar No.:  157292___
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile (310) 546-7401
bblakely@blakelylawgroup.com

*Attorneys for Plaintiff*
*Luxottica Group, S.p.A*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF